1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

DONTE MCCLELLON,                          CASE NO. 2:25-cv-00566

8
                    Plaintiff,            ORDER
9
            v.
10
THOMAS EUGENE WEAVER,
11
                    Defendant.
12

13

## 1.  INTRODUCTION

14

15      Plaintiff Donte McClellon, proceeds pro se and in forma pauperis, alleging

16  legal malpractice, "breach of fiduciary duty," "theft of medical records," HIPAA

17  violations, and defamation against his former criminal defense attorney, Thomas

18  Weaver, in both his individual and official capacity. Dkt. No. 1-2 (Civil Cover

19  Sheet). Because he is proceeding in forma pauperis and presently incarcerated, the

20  Court screens McClellon's complaint under 28 U.S.C. § 1915A.

21      For the reasons below, the Court finds dismissal appropriate. But rather than

22  dismiss this case outright, the Court provides McClellon with an opportunity to

23

**ORDER** - 1

show cause why the Court should not dismiss his case for lack of subject-matter jurisdiction.

## 2. BACKGROUND

After a trial before United States District Court Judge Lauren King, a jury convicted McClellon on three counts of wire fraud and two counts of bank fraud in January 2024,. *United States v. McClellon*, Case No. 2:22-cr-00073-LK at Dkt. No. 251 ("Cr. Dkt. No." 251). Judge King sentenced McClellon to 42 months in prison and 36 months of supervised release. Cr. Dkt. No. 299. McClellon is currently incarcerated at FCI Otisville with a projected release date of November 2, 2025. Cr. Dkt. No. 354-1.

McClellon appealed his criminal conviction on May 29, 2024, *see* Cr. Dkt. No. 300. That appeal has not been resolved. *See United States v. McClellon,* No. 24-3406 (9th Cir. 2024). Meanwhile, he continues to file motions under his district court criminal cause number, 2:22-cr-00073-LK. On March 3, 2025, McClellon filed (1) a motion for sanctions and a "gag order" against Weaver (Cr. Dkt. No. 359), (2) a motion to modify his presentence investigation report (Cr. Dkt. No. 361), and (3) a motion to strike his sentencing memorandum (Cr. Dkt. No. 363). Judge King denied the motions and found that because McClellon had filed a notice of appeal with the Ninth Circuit, the District Court lacked jurisdiction to grant the motions. Cr. Dkt. No. 368 at 2–3.

McClellon now asserts a legal malpractice claim against Weaver in this case, a civil action. *See* Dkt. No. 1-1 (Complaint). He alleges Weaver "defamed" him, provided his confidential medical reports to the court in violation of HIPAA laws,

**ORDER** - 2

and that these actions constituted legal malpractice. Dkt. No. 1-1 ¶ 17. McClellon seeks "[c]ompensatory damages in an amount to be determined at trial," and "[d]efamation damages as allowed by law." *Id.* at 6.

McClellon also asks this Court to grant the motions that were denied in his criminal proceeding, requesting that the Court "[s]trike and [e]xpunge Medical Records and references of such records from the district court record and PSR/PSI as well as all of Weaver's court filings," provide a "[c]riminal referral for Theft of Medical Records," and "[i]ssue Sanctions and gag order [sic] against Weaver." *Id.*

## 3. DISCUSSION

### 3.1 Legal Standard.

When a plaintiff proceeds IFP, Section 1915 requires the Court to dismiss the action if the Court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive Section 1915 review, a complaint must meet the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides only

1    "labels and conclusions" or "a formulaic recitation of the elements of a cause of

2    action will not do." *Twombly*, 550 U.S. at 555.

3        A "document filed pro se is to be liberally construed and a pro se complaint,

4    however inartfully pleaded, must be held to less stringent standards than formal

5    pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations

6    omitted). Courts are not to "dismiss a pro se complaint without leave to amend

7    unless 'it is absolutely clear that the deficiencies of the complaint could not be cured

8    by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing

9    *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*,

10   846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam)). Even so, the duties imposed on

11   the Court by Section 1915 are unwavering, and when an IFP plaintiff fails to state a

12   claim, the Court must dismiss the case.

13   **3.2    The Court lacks subject-matter jurisdiction over McClellon's claims.**

14       "[F]ederal courts are courts of limited jurisdiction." *Stock W., Inc. v.*

15   *Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989)). While "the plaintiff bears

16   the burden of establishing subject matter jurisdiction," *Haisten v. Grass Valley Med.*

17   *Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir.1986), "[f]ederal courts are

18   always under an independent obligation to examine their own jurisdiction, and a

19   federal court may not entertain an action over which it has no jurisdiction,"

20   *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (citation modified). Thus,

21   "the court is under a continuing duty to dismiss an action whenever it appears that

22

23

the court lacks [subject-matter] jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983); *see* Fed. R. Civ. P. 12(h)(3).

McClellon asserts that the Court has federal question subject-matter jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1336. Dkt. Nos. 5; 5-1 (civil cover sheet). But he only pursues Washington-law claims, which do not arise under federal law. *See* Dkt. Nos. 5; 5-1. And to the extent McClellon attempts to state a claim against Weaver under HIPAA, that legal claim does not exist because "HIPAA itself provides no private right of action." *Garmon v. Cty. of L.A.*, 828 F.3d 837, 847 (9th Cir. 2016) (quoting *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007)).

Accordingly, the Court finds that McClellon's claims do not arise under federal law, and that it thus lacks subject-matter jurisdiction over this matter.

Even if McClellon had raised a federal question, the pending appeal likely deprives this Court of jurisdiction, as Judge King already concluded. Cr. Dkt. No. 368 at 2–3 ("'The filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

If McClellon fails to show cause, the resulting dismissal will not constitute a strike for purposes of the Prison Litigation Reform Act (PLRA). *Hoffmann v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019).

## 4. CONCLUSION

The Court ORDERS McClellon to show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction by July 31, 2025. The Court also DENIES McClellon's motion for court service of complaint, Dkt. No. 7, and STRIKES the motion for appointment of pro bono counsel, Dkt. No. 6. Should the Court conclude that it has jurisdiction here, McClellon may refile those motions.

IT IS SO ORDERED.

Dated this 30th day of June, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 6